UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RANDY SAWYER, )<br>  Petitioner, )<br> )<br>vs. )<br> )<br>UNITED STATES OF AMERICA. ) | Case No. 2:14-cv-0018-WTL-WGH |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Randy Sawyer ("Mr. Sawyer") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

*Background*

On November 28, 2012, Mr. Sawyer was charged in a five count multi-defendant Indictment in 2:12-cr-00031-WTL-CMM-1. Count 1 charged Mr. Sawyer with conspiracy to possess with the intent to distribute and distribution of 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count 3 charged Mr. Sawyer with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Counts 4 and 5 charged Mr. Sawyer with possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On July 2, 2013, Mr. Sawyer filed a petition to enter a plea of guilty and a plea agreement pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure.* The plea agreement provided that Mr. Sawyer would plead guilty to Counts 1 and 5 of the Indictment. On July 16, 2013, the Court conducted a hearing on Mr. Sawyer's petition to enter a plea of guilty. At the hearing, the Court advised Mr. Sawyer of his rights and heard the factual basis for the plea. The

Court determined that the plea was voluntarily and knowingly made. The Court accepted Mr. Sawyer's plea of guilty and adjudged him guilty as charged as to Counts 1 and 5.

On August 20, 2013, the government filed an Information pursuant to 21 U.S.C. § 851(a)(1) charging that Mr. Sawyer had a prior felony controlled substance conviction, the effect of which was that Mr. Sawyer was subject to a mandatory sentence of twenty (20) years imprisonment.

A sentencing hearing was held on October 25, 2013. The Court sentenced Mr. Sawyer to a term of 240 months in prison, (240 months on Count 1 and 120 months on Count 5, to be served concurrently), to be followed by ten years of supervised release. As part of the plea agreement, the government moved to dismiss Counts 3 and 4. Judgment was entered on the docket on November 4, 2013.

Mr. Sawyer filed a notice of appeal on November 15, 2013, in No. 13-3562, but the appeal was voluntarily dismissed on April 30, 2014. On January 29, 2014, Mr. Sawyer filed his motion for relief pursuant to 28 U.S.C. § 2255. His motion was signed on January 21, 2014.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Mr. Sawyer asserts claims of ineffective assistance of counsel. The United States argues that Mr. Sawyer's § 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement.

The plea agreement provided that "in the event the Court accepts this plea agreement and sentences the defendant to a term of 240 months imprisonment in Count One and a concurrent 120 months imprisonment on Count Five, Defendant expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, . . . [and] expressly agrees not to

contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under Title 28, United States Code, Section 2255." Plea Agreement ¶ 11.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also United States v. Smith,* 759 F.3d 702 (7th Cir. 2014) (rejecting a "patent" ineffectiveness of counsel exception to plea waivers); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver"). "When the defendant pursuant to the plea agreement has knowingly and voluntarily waived his appellate rights, and the terms of that wavier are express and unambiguous, we will enforce those terms." *Smith,* 759 F.3d at 706.

In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to

the negotiation of the waiver?" *Id.* Mr. Sawyer argues that trial counsel was ineffective by 1) failing to properly file a notice of appeal and properly follow Seventh Circuit Court of Appeals rules, 2) failing to negotiate as a true advocate on his behalf during the plea negotiations, and 3) failing to leave open for appeal any questions presented by new case law, such as *Alleyne v. United States,* 133 S.Ct. 2151 (2013).

With respect to his first claim, Mr. Sawyer alleges that he told his attorney to file a notice of appeal. His attorney did file a notice of appeal on November 15, 2013, and it was docketed in the Court of Appeals as No. 13-3562. Mr. Sawyer also filed, on November 7, 2013, a *pro se* notice of appeal dated November 1, 2013. Mr. Sawyer's *pro se* notice of appeal, No. 13-3605, was somehow docketed by the Court of Appeals after his attorney's appeal had been received and was therefore treated as a duplicate appeal. The *pro se* appeal was dismissed on December 20, 2013, as duplicative. Counsel filed a motion to dismiss the original appeal, a determination with which Mr. Sawyer concurred, per his signed statement. Contrary to Mr. Sawyer's allegation that counsel failed to follow Seventh Circuit rules, any procedural confusion was caused by Mr. Sawyer filing a duplicative *pro se* notice of appeal. Moreover, the appeal was properly dismissed because Mr. Sawyer had waived his right to file a notice of appeal as a term of his plea agreement. He has shown no ineffective assistance with respect to his appeal.

Next, Mr. Sawyer argues that counsel failed to inform him of the government's intent to file a prior felony Information pursuant to section 851(a)(1) after the plea agreement was filed. This claim is meritless. Paragraph 3 of the plea agreement sets forth the government's intention to file a notice concerning one of Mr. Sawyer's prior felony drug convictions pursuant to 21 U.S.C. § 851.

Finally, Mr. Sawyer contends that counsel should have left open for appeal any issues presented by new case law. This is not true. As part of the plea agreement, in exchange for the dismissal of Counts 3 and 4 and for an agreement to a statutory mandatory minimum sentence, Mr. Sawyer agreed to waive his right to appeal and his right to bring a collateral attack under section 2255. Nonetheless, he filed a notice of appeal and has brought this action. Moreover, Mr. Sawyer's contention that he should have been allowed to take advantage of *Alleyne,* that case was decided on June 17, 2013, before judgment was entered in this case, and is not applicable. *Alleyne* held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne,* 133 S.Ct. at 2155. "Therefore, a district court errs when it makes a judicial finding of fact that increases the statutory mandatory minimum sentence facing a defendant." *United States v. Hernandez,* 731 F.3d 666, 672 (7th Cir. 2013). No such finding was made in this case. In addition, counsel is not ineffective by failing to anticipate future case law. *See Groves v. United States,* 755 F.3d 588, 593 (7th Cir. 2014).

Mr. Sawyer has not shown that his plea agreement was not knowingly and voluntarily made. In addition, he has not shown any deficient performance on the part of counsel.

"We have repeatedly held that a voluntary and knowing waiver of an appeal [and § 2255 challenge] is valid and must be enforced." *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) (internal quotation omitted). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Mr. Sawyer has not met that burden.

Accordingly, the waiver provision is valid and will be enforced. Mr. Sawyer's § 2255 motion is barred by the waiver provision of his plea agreement.

*Conclusion*

The foregoing circumstances show that Mr. Sawyer is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 2:12-cr-0031-WTL-CMM-1.**

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Mr. Sawyer has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 7/21/15

Distribution:

Electronically registered counsel

Randy Sawyer, #11109-028, FCI Forrest City, Inmate Mail/Parcels, P.O. Box 3000, Forrest City, AR 72336

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.